Filed 11/23/22  P. v. Portillo CA2/3

Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSEPH JOHN PORTILLO,<br><br>    Defendant and Appellant. | B298967<br><br>(Los Angeles County<br>Super. Ct. No. KA030961-03) |

APPEAL from an order of the Superior Court of Los Angeles County, David C. Brougham, Judge.  Remanded with direction.

Stephen Temko, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

—————————

In 1997, a jury convicted Joseph John Portillo of, among other crimes, felony murder with true findings on the special circumstance allegations that the murders were committed in the course of a burglary and an attempted robbery and that Portillo committed multiple murders. Years later, Portillo petitioned for vacation of his murder conviction and resentencing under Penal Code[1] section 1172.6.[2] The trial court denied the petition, concluding that, in light of the special circumstance findings, Portillo was a major participant in the underlying felony who acted with reckless indifference to human life and, as such, he was ineligible for relief. Portillo appealed the order denying his petition, and we affirmed the order. (*People v. Portillo* (June 29, 2021, B298967) [nonpub. opn.].) Our California Supreme Court granted review and has now transferred the matter back to us with the direction to vacate our decision and to reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Doing so, we conclude that the trial court's order must be reversed and the matter remanded for further proceedings.

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

# BACKGROUND

I.     The murders, trial, and conviction[3]

Portillo's convictions arose out of his and his accomplices' attempt to steal drugs. In 1996, Portillo asked his girlfriend if a friend of hers, Curtis Reilly, had security cameras and guns at his house, because Portillo wanted to steal things from Reilly. Portillo told his girlfriend that he was going to do something that might be the " 'last thing he did,' " that he didn't know if he was going to " 'make it out alive or not,' " and that " 'somebody may die.' "

Over the course of several days, Portillo bought drugs from Reilly. Then, on the day of the murders, Portillo asked his girlfriend and another woman if they knew where he could get guns. That evening, Reilly was home with Donnie Aiken, Charlie Johnson, and three others. Hearing a knock on the door, Aiken opened the door to Isaac Pereira, Portillo's accomplice. Pereira had bought drugs from Reilly previously, and he said he was there to return something to Reilly. A few minutes later, there was another knock on the door. Pereira let in Portillo, Ronald Cory, and Kevin Watkins.

Cory pulled out a shotgun. Watkins had a knife. Reilly called out to Johnson, who then struggled with Watkins. Aiken struggled for control of the gun with Cory and Portillo, who hit Aiken. All of a sudden, Aiken felt as if someone had punched him in the back; in fact, he had been stabbed. Pereira stood a few

---

[3]     The background is from the prior opinion in this matter, *People v. Watkins* (June 8, 1999, B118065) [nonpub. opn.]. We have granted Portillo's motion to augment the record with the appellate record in that underlying case.

steps behind Aiken, wiping blood off a knife. Aiken tried to crawl away, but Portillo got on top of him to prevent Aiken from escaping. The intruders left. Aiken survived, but Reilly and Johnson died from stab wounds.

At Portillo's trial, the trial court instructed the jury on first degree felony murder during a robbery or burglary. The trial court also instructed the jury that to find a defendant guilty of first degree murder, it had to determine if one or more special circumstances was true: (1) that defendant committed more than one murder and (2) the murder was committed during the commission or attempted commission of a robbery or burglary. The jury was further instructed that if it found a defendant was not the actual killer, then the jury could not find the special circumstances true unless it found beyond a reasonable doubt that the defendant had the intent to kill or was a major participant in the murder who acted with reckless indifference to human life.

A jury convicted Portillo of two counts of first degree murder (§ 187, subd. (a)), attempted premeditated murder (§§ 664, 187), attempted robbery (§§ 664, 211), and first degree residential burglary (§ 459). The jury found true the multiple-murder special circumstance allegations (§ 190.2, subd. (a)(3)) and the special circumstance allegations that the murders were committed during the commission of an attempted robbery and a burglary (§ 190.2, subd. (a)(17)). The jury also found true the principal armed with a firearm allegations (§ 12022, subd. (a)(1)).

In 1997, the trial court sentenced Portillo to life in prison without the possibility of parole for the murders, life for the attempted murder, and seven years for the burglary.

4

Portillo appealed and argued, among other things, that there was insufficient evidence to support the special circumstance findings. A different panel of this Division rejected that contention but remanded for resentencing and otherwise affirmed the judgment. (*People v. Watkins, supra,* B118065.)

II.    Section 1172.6 petition and post-petition proceedings

In 2019, after passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), Portillo filed a petition to vacate his murder conviction and for resentencing. Using a preprinted form, he checked boxes to indicate that a complaint had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, he was convicted of first or second degree murder under one or more of those theories, and he could not now be convicted of murder because of changes to sections 188 and 189 effectuated by Senate Bill 1437. At Portillo's request, the trial court appointed counsel to represent him.

The trial court summarily denied the petition, and neither Portillo nor his attorney nor the prosecutor were present. The trial court said that its file, which included the appellate opinion, reflected that a jury convicted Portillo of two counts of first degree murder and found true multiple murder and felony murder special circumstance allegations. The trial court also noted that the Court of Appeal had affirmed the true finding on the special circumstance allegation that Portillo was a major participant who acted with reckless indifference to human life. Accordingly, the trial court found Portillo ineligible for relief as a matter of law.

Portillo appealed the order denying his petition. We affirmed the order, rejecting his argument that the trial court erred by summarily dismissing his petition based on the jury's special circumstance finding. (*People v. Portillo*, *supra*, B298967.)

Thereafter, our California Supreme Court issued *Strong*, *supra*, 13 Cal.5th 698, which clarified the scope of section 1172.6. As we now explain and as the People concede, *Strong* requires reversal of the order denying Portillo's petition.

## DISCUSSION

Senate Bill 1437, which took effect on January 1, 2019, limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder, to ensure that a person's sentence is commensurate with his or her individual criminal culpability. (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) As relevant here, Senate Bill 1437 amended the felony-murder rule by adding section 189, subdivision (e), which provides that a participant in the perpetration of qualifying felonies is liable for felony murder only if the person: (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) the person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in section 190.2, subdivision (d). (*Gentile*, at p. 842.)

Senate Bill 1437 also added section 1172.6, which created a procedure whereby persons convicted of murder under a now-invalid felony-murder theory may petition for vacation of their convictions and resentencing. A defendant is eligible for relief under section 1172.6 if the defendant meets three conditions:

6

(1) the defendant must have been charged with murder under a theory of felony murder, (2) must have been convicted of first or second degree murder, and (3) could no longer be convicted of first or second degree murder due to changes to sections 188 and 189 effectuated by Senate Bill 1437. (§ 1172.6, subd. (a).) If a petitioner makes a prima facie showing of entitlement to relief, the trial court shall issue an order to show cause (§ 1172.6, subd. (c)) and hold an evidentiary hearing at which the prosecution bears the burden of proving "beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder" under the law as amended by Senate Bill 1437 (§ 1172.6, subd. (d)(3)).

Portillo has challenged the trial court's order denying his petition on the ground it erred by finding him ineligible for resentencing based on the jury's special circumstance findings that predated our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. *Banks* and *Clark* substantially clarified what it means for an aider and abettor defendant like Portillo to be a major participant in a crime who acted with a reckless indifference to human life for the purposes of the special circumstance statute, section 190.2, subdivision (d). Then, in *Strong*, *supra*, 13 Cal.5th at pages 719 to 720, the court held that a pre-*Banks* and *Clark* finding that the defendant was a major participant who acted with reckless indifference to human life does not preclude the defendant from making a prima facie case for relief under section 1172.6, even if the trial evidence was sufficient to support the findings under *Banks* and *Clark*.

Here, Portillo's pre-*Banks* and *Clark* jury was instructed that if it found he was not the actual killer, it could only find the

special circumstances true if it found beyond a reasonable doubt that Portillo had the intent to kill or was a major participant in the murder who acted with reckless indifference to human life. Because the special circumstance finding predated *Banks* and *Clark*, the finding does not preclude Portillo's eligibility for possible resentencing. Therefore, Portillo is entitled to appointment of counsel[4] and to an evidentiary hearing under section 1172.6, subdivision (d)(3).

## DISPOSITION

The order denying Joseph Portillo's petition is reversed, and the matter is remanded with the direction to the trial court to appoint new counsel for him, to issue an order to show cause, and to conduct an evidentiary hearing in accordance with Penal Code section 1172.6, subdivision (d)(3).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

I concur:

LAVIN, J.                         EGERTON, J.

---

[4] Portillo has contended that the counsel appointed for him had a conflict of interest because counsel represented a codefendant. Without deciding whether a conflict existed, we direct the trial court to appoint different counsel for Portillo on remand.

8